IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAURICE TUCKER               :        CIVIL ACTION
                             :
        v.                   :
                             :
ABLE REALTY, et al.          :        NO. 13-2090


MEMORANDUM

Bartle, J.                                    May 15, 2013

        Plaintiff Maurice Tucker, proceeding pro se and in
forma pauperis, has sued defendant, Able Realty, a residential
property management company in West Philadelphia, as well as
defendant Annette Collier, who apparently is associated in some
capacity with Able Realty.  Plaintiff also has pending a motion
for a preliminary injunction.

        Plaintiff, in essence, claims to have rented a house
from Able Realty on November 1, 2012 which is not habitable.
Among other allegations, he states that the property had no heat
and water for a period of time and that the landlord did not move
promptly to rectify the problems.  In addition, during Hurricane
Sandy, the basement was flooded with six inches of water that he
was required to remove at his own expense.  The bath tub also
leaks, the doors and windows are the "wrong size," and the
electric current is not properly grounded.  According to
plaintiff, the doorbell does not work.  It was not until after
plaintiff suffered a home invasion by a man with a gun that the
landlord installed a peep hole in the door.

He also alleges that he has "metal plates, bolts, screws and wires" in his knees to enable him to walk and a "tendon transplant in his arm." He cannot carry heavy objects.

Plaintiff maintains that the defendants have subjected him to cruel and unusual punishment and denied him the equal protection of the law in violation of the Fourteenth Amendment. While his complaint is not artfully drawn, he claims that he has been denied "Fair Housing and Fair Housing Practices" under the Constitution and that he was discriminated against because of his disability. There appears to be subject matter jurisdiction based only on a federal question and not on diversity of citizenship. See 28 U.S.C. §§ 1331 and 1332(a).

Under 28 U.S.C. § 1915(e)(2), the court, on its own initiative, may dismiss an action at any time brought by a plaintiff in forma pauperis

> if the court determines that ...
> (B) the action or appeal—
> (i) is frivolous or malicious; [or]
> (ii) fails to state a claim on which relief
>      may be granted ...

First, plaintiff has no claim against defendants for violation of his constitutional rights to equal protection or against cruel and unusual punishment. The constitutional rights to which he refers protect him only against actions of the government. Shelley v. Kraemer, 334 U.S. 1, 13 (1948). Since defendants are private parties, plaintiff's constitutional claims are clearly without merit.

We construe plaintiff's complaint as bringing a claim against defendants under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Title III of the ADA prohibits discrimination by "any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182. A residential unit does not qualify as a place of public accommodation. Regents of Mercersburg College v. Republic Franklin Ins. Co., 458 F.3d 159, 165 n.8 (3d Cir. 2006). As such, plaintiff cannot use the ADA as a vehicle through which to pursue his claims.

Finally, it appears that plaintiff may be attempting to set forth a claim under the Fair Housing Act, 42 U.S.C. §§ 3601-3619. Plaintiff, however, has not pleaded any violation under the Act. Even assuming that he has averred sufficient facts that he has a disability, there are no viable allegations that defendants have discriminated against him on that basis or have failed reasonably to accommodate him because of a disability.

Plaintiff has attached to his motion for a preliminary injunction a copy of a Landlord and Tenant Complaint which Brothers Property Solutions, LLC has filed against him for being chronically delinquent or late in his payment of his rent. It seeks to have him surrender possession of the property and to obtain a judgment against him for rent and other overdue charges. That complaint is pending in the Philadelphia Municipal Court where a hearing is scheduled for June 4, 2013. This seems to be

the proper forum for plaintiff to raise his claims of uninhabitable conditions at the property.

The action will be dismissed for failure to state a claim upon which relief can be granted.